1
2
3
4
5
6

GREGORY D. WOLFLICK (#108699)
DAVID B. SIMPSON (#106326)
THEODORE S. KHACHATURIAN (#239137)
WOLFLICK, SIMPSON, KHACHATURIAN & BOUAYAD
130 N. Brand Boulevard, Suite 410
Glendale, California 91203
Tel:(818) 243-8300; Fax: (818) 243-0122
Email: greg@wolfsim.com; dave@wolfsim.com; theo@wolfsim.com

7
8

*Attorneys for Defendants*
***ROSS STORES, INC. and DMSI STAFFING, LLC***

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11
12

13
14
15
16
17
18
19
20
21
22

PABLO MARTINEZ, on behalf of
himself and others similarly situated,

         Plaintiff,

   vs.

ROSS STORES, INC. a Delaware
corporation; DMSI STAFFING, LLC,
a North Carolina limited liability
company; and DOES 1 through 50,
inclusive,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.

**DEFENDANTS' NOTICE OF
REMOVAL OF CIVIL ACTION**

23
24

<u>**NOTICE OF REMOVAL**</u>

25
26
27
28

     PLEASE TAKE NOTICE that Defendants ROSS STORES, INC., and DMSI
STAFFING, LLC, hereby remove the instant action from the Superior Court of
California, County of Alameda, to this United States District Court, Northern
District of California.

1

## NATURE OF THE ACTION

1.      On June 22, 2018, Plaintiff PABLO MARTINEZ commenced the above-entitled civil action in the Superior Court of California, County of Alameda, Case No. RG18909944 (the "Action") against Defendants ROSS STORES, INC. ("ROSS") and DMSI STAFFING, LLC ("DMSI") (collectively, "Defendants").

2.      Plaintiff pleads this as a class action.

3.      The Complaint alleges that Defendants violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681, *et seq.*, and related California statutes by its acquisition and/or use of consumer reports and/or investigative consumer reports to conduct background checks on Plaintiff and prospective employees (Complaint, ¶1-3).

4.      The Complaint alleges six causes of action:  (1)  Violation of FCRA, 15 U.S.C. §§1681b(b)(2)(A) and 1681d(a);  (2) Violation of FCRA, 15 U.S.C. §1681b(b)(3)(A);  (3)  Violation of FCRA, 15 U.S.C. §1681b(f);  (4)  Violation of California Civil Code §1786.16(a)(2);    Violation of California Civil Code §1786.40(a); and Violation of California Bus. & Prof. Code §§17200, *et seq*.

## GROUNDS FOR REMOVAL

5.      Plaintiff's Superior Court Action is a civil action over which this District Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p, and therefore is an Action which may properly be removed to this District Court pursuant to 28 U.S.C. §1441, in that:

(a)      The Complaint's first, second and third causes of action all plead claims for violation of the FCRA, over which this District Court has original jurisdiction under 15 U.S.C. §1681p, which provides that, "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States District Court, without regard to the amount in controversy;"

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**

(b)    Since claims in this Action involve a federal question, in that they arise under a law of the United States, namely the FCRA, 15 U.S.C. §1681, *et seq*, this District Court also has original jurisdiction of this Action under 28 U.S.C. §1331;

(c)    Since a claim in this Action arises under an Act of Congress regulating commerce, namely, the FCRA, 15 U.S.C. §1681, *et seq*, this District Court has  original jurisdiction of this Action under 28 U.S.C. §1337;

(d)    To the extent Plaintiff's fourth, fifth and sixth causes of action for violation of California state statutes are not within the original jurisdiction of this District Court, this District Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §1367(a), in that each such claim is affirmatively pleaded by Plaintiff as being so related to the FCRA claims that they all form part of the same case or controversy under Article III of the United States Constitution.

## COMPLIANCE WITH REMOVAL STATUTE

6.    <u>Removal to Proper Court</u>:  This Notice of Removal is properly filed in this United States District Court for the Northern District of California, because that is the federal judicial district embracing the place (i.e., the Superior Court of California for the County of Alameda) where the Action currently is pending (28 U.S.C. §1441(a).)

7.    <u>Proper Signature</u>:  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure (28 U.S.C. §1446(a).)

8.    <u>Removal is Timely</u>:  Defendant Ross was served with the Action on July 5, 2018, and Defendant DMSI was served with this Action on July 16, 2018, making this Notice of Removal timely filed under 28 U.S.C. §1446(b), as it is filed within 30 days of the date either Defendant first obtained a copy of the Complaint "through service or otherwise."

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**

9.    <u>Pleadings and Process</u>:   28 U.S.C. §1446(a) requires Defendants to file a copy of all process, pleadings and/or Orders that have been served upon it. All such documents are attached collectively and filed as Exhibit 1 hereto.

10.    <u>Consent and/or Joinder</u>:  Pursuant to 28 U.S.C. §1146(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."   Here, Defendants Ross and DMSI, the only named defendants in the Action, both join in and consent to this removal.

11.    <u>Filing and Service</u>:   Pursuant to 28 U.S.C. §1146(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also being filed with the Clerk of the Superior Court of California, County of Alameda.

WHEREFORE, Defendants ROSS STORES, INC. and DMSI STAFFING, LLC hereby remove the instant action, now pending in the Superior Court of California, County of Alameda, to this United States District Court in and for the Northern District of California.

**WOLFLICK, SIMPSON, KHACHATURIAN & BOUAYAD, APC**

Date: August 1, 2018        By:   <u>/s/ David B. Simpson</u>
                          DAVID B. SIMPSON
                          Attorneys for Defendants ROSS STORES, INC. and DMSI STAFFING, LLC

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**

**EXHIBIT 1**

2:06 pm

McGregor

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Ross Stores, Inc., a Delaware corporation; DMSI Staffing, LLC, a North Carolina limited liability company; and Does 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Pablo Martínez, on behalf of himself and others similarly situated

JUN 2 2 2018

CLERK OF
BY ___CURTIYAH GANTER___

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG 18909944 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Justin Kachadoorian, 9301 Wilshire Blvd., Suite 650, Beverly Hills, CA 90210, tel. (310) 277-9945

| DATE:<br>*(Fecha)* | JUN 2 2 2018 | Clerk, by<br>**Chad Finke** *(Secretario)* | CURTIYAH GANTER | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Justin Kachadoorian (SBN 260356)<br>CounselOne, PC<br>9301 Wilshire Blvd., Ste. 650<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: (310) 277-9945    FAX NO.: (424) 277-3727<br>ATTORNEY FOR *(Name):* Plaintiff Pablo Martinez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Pablo Martinez v. Ross Stores, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RG18909944<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* six
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 21, 2018
Justin Kachadoorian
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov


BY FAX

21184664

ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiff PABLO MARTINEZ,
on behalf of himself and others similarly situated

**FILED**
**ALAMEDA COUNTY**

JUN 22 2018

CLERK OF THE SUPERIOR COURT
By

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| PABLO MARTINEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROSS STORES, INC., a Delaware corporation; DMSI STAFFING, LLC, a North Carolina limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.    R G 18 9 0 9 9 4 4<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a);<br>(2) Violation of 15 U.S.C. §1681b(b)(3)(A);<br>(3) Violation of 15 U.S.C. §1681b(f);<br>(4) Violation of California Civil Code §1786.16(a)(2);<br>(5) Violation of California Civil Code §1786.40(a); and<br>(6) Violation of California Bus. & Prof. Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT    **BY FAX**

1    Plaintiff Pablo Martinez (hereinafter, "Plaintiff"), on behalf of himself and all others
2  similarly situated, complains of Defendants Ross Stores, Inc. ("Ross"), a Delaware corporation,
3  DMSI Staffing, LLC ("DMSI"), a North Carolina limited liability company, and Does 1 through 50,
4  inclusive, (hereinafter, "Defendants"), as follows:

5                                  **NATURE OF ACTION**

6    1. This class action arises from Defendants' acquisition and use of consumer reports or
7  investigative consumer reports (referred to collectively as "background reports" or "consumer
8  reports" for the sake of brevity) to conduct background checks on Plaintiff and prospective
9  employees.

10    2. Defendants routinely obtain and use information from background reports in
11  connection with their hiring processes without complying with state and federal mandates for doing
12  so.

13    3. Plaintiff, individually and on behalf of all other members of the public similarly
14  situated, seeks compensatory and punitive damages arising from Defendants' systematic and willful
15  violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

16    4. Defendants violated the requirements under this statute in at least two separate ways:
17  (1) failure to provide proper pre-authorization disclosures; and (2) failure to provide proper adverse-
18  action disclosures.

19    5. First, the procurement of background reports for employment purposes is subject to
20  strict disclosure requirements under federal law pursuant to the FCRA. Among other things, an
21  employer may not procure a background report concerning a job applicant or employee unless a
22  "clear and conspicuous" disclosure is made in a stand-alone document that consists solely of the
23  disclosure informing the applicant or employee that a report may be obtained for employment
24  purposes.

25    6. Defendants failed to provide the requisite pre-authorization disclosure to applicants
26  and employees before procuring background reports.  For these reasons, among others, Defendants
27  violated the law.

28  ///

                                          1
                            CLASS ACTION COMPLAINT

1    7. Second, the FCRA requires users of consumer reports to follow certain procedures
2  and provide certain disclosures prior to and after taking adverse actions against current and former
3  employees based in whole or in part on their consumer report information. Among other things,
4  prior to taking an adverse action, an employer must provide a "pre-adverse action" notice, which
5  includes a copy of the consumer report and a current version of the FCRA Summary of Rights issued
6  by the Consumer Financial Protection Bureau (CFPB).

7    8. Defendants failed to provide a copy of the consumer report and a current version of
8  the FCRA Summary of Rights prior to taking an adverse action against Plaintiff, namely, declining
9  to hire him.

10    9. As further alleged herein, Defendants' violations occurred because Defendants have
11  willfully failed to follow the statutory mandates before seeking, acquiring, and using background
12  reports to make employment decisions; violated the express and unambiguous provisions of the
13  relevant statutes; or failed to implement reasonable procedures to assure compliance with statutory
14  mandates.

15    10. As a result of Defendants' wrongful acts and omissions, Plaintiff and other putative
16  class members have been injured, including, without limitation, having their privacy and statutory
17  rights invaded in violation of the FCRA.

18    11. On behalf of himself and putative class members, Plaintiff seeks statutory, actual, or
19  compensatory damages, punitive damages, costs and expenses of litigation including attorney's fees,
20  and equitable relief, including injunctive relief requiring Defendants to comply with their legal
21  obligations, as well as additional and further relief that may be appropriate. Plaintiff reserves the
22  right to amend this Complaint to add additional relief as permitted under applicable law.

23    **PARTIES**

24    12. At all times mentioned herein, Defendant Ross was and is a Delaware corporation
25  with its principal place of business in Dublin, California and was, at all times relevant to this
26  complaint, engaged in commercial transactions throughout this county, the State of California, and
27  the various states of the United States of America.

28  ///

2

CLASS ACTION COMPLAINT

1    13. At all times mentioned herein, Defendant DMSI was and is a North Carolina limited

2 liability company with its principal place of business in Charlotte, North Carolina and was, at all

3 times relevant to this complaint, engaged in commercial transactions throughout this county, the

4 State of California, and the various states of the United States of America.

5    14. At all times mentioned herein Plaintiff was and is a resident of the State of California.

6    15. Venue as to Defendants is proper in this judicial district pursuant to Code of Civil

7 Procedure § 395.5 because Defendant Ross's principal place of business is situated in Alameda

8 County, State of California.

9                                    **FACTUAL BACKGROUND**

10                                         **Pre-Authorization**

11    16. On or around December 2017, Plaintiff applied for a job with Defendants.  In

12 connection with Plaintiff's employment application, Defendants conducted a background check.  In

13 January 2018, Plaintiff was advised by Defendants that as a result of a background report (i.e., a

14 consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B)

15 and 15 U.S.C. § 1681a(e)), procured or caused to be prepared by Defendants, Plaintiff would not be

16 hired by Defendants.

17    17. Under the FCRA, it is unlawful to procure or caused to be procured a consumer

18 report[1] for employment purposes unless a disclosure is made to the applicant or employee in a

19 document that consists solely of the disclosure that a consumer report may be obtained for

20 employment purposes and the applicant or employee authorizes, in writing, the procurement of the

21 report.  15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  A similar requirement obtains under the ICRAA.  *See*

22 Cal. Civ. Code § 1786.16(a)(2)(B) ("The person procuring or causing the report to be made provides

23 a clear and conspicuous disclosure in writing to the consumer at any time before the report is

24 procured or caused to be made in a document that consists solely of the disclosure[.]").

25 ///

26 _____

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any
27 information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or
28 expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

3

1    18. The FTC has warned that the form should not include any extraneous information or

2  be part of another document.  For example, in response to an inquiry as to whether the disclosure

3  may be set forth within an application for employment or whether it must be included in a separate

4  document, the FTC stated:

> The disclosure may not be part of an employment application because
> the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that
> it appears conspicuously in a document not encumbered by any other
> information.  The reason for requiring that the disclosure be in a stand-
> alone document is to prevent consumers from being distracted by other
> information side-by-side within the disclosure.[2]

9    19. The plain language of the statute also clearly indicates that the inclusion of

10  extraneous information in a disclosure form violates the disclosure and authorization requirements

11  of the FCRA because such a form would not consist "solely" of the disclosure.  In fact, the FTC

12  expressly warned that the FCRA notice may not include extraneous information.  In a report dated

13  July 2011, the FTC emphasized that "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include

14  extraneous or contradictory information[.]"

15    20. Many courts have also determined that the inclusion of extraneous information

16  violates § 1681b(b)(2)(A) of the FCRA.  *See, e.g.*, *Speer v. Whole Food Market Group., Inc.*, No.

17  8:14-CV-3035-T-26TBM, 2015 WL 1456981, *3 (M.D. Fla. Mar. 30, 2015); *Lengel v.*

18  *HomeAdvisor, Inc.*, 2015 U.S. Dist. LEXIS 59017, *19-24 (D. Kan. May 5, 2015); *Milbourne v.*

19  *JRK Residential Amer., LLC*, 2015 U.S. Dist. LEXIS 29905, *14-19 (E.D. Va. Mar. 11, 2015); *Avila*

20  *v. NOW Health Group, Inc.*, 2014 U.S. Dist. LEXIS 99178, *6-8 (N.D. Ill. July 17, 2014); *Reardon*

21  *v. Closetmaid Corp.*, 2013 U.S. Dist. LEXIS 169821, *14-27 (W.D. Pa. Dec. 2, 2013); *Singleton v.*

22  *Domino's Pizza, LLC*, 2012 U.S. Dist. LEXIS 8626, *27-34 (D. Md. Jan. 25, 2012); and *EEOC v.*

23  *Video Only, Inc.*, 2008 U.S. Dist. LEXIS 46094 (D. Or. June 11, 2008).

24    21. Defendants violated the FCRA by failing to provide Plaintiff and other members of

25  the putative class with the requisite disclosure that a consumer report may be procured for

26  employment purposes in a document that consists solely of the disclosure.  Plaintiff does not recall

27  [2] Letter from Clarke W. Brinckerhoff, Fed. Trade Comm'n, to H. Roman Leathers, Manier & Herod (Sept.
9, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last
28  accessed March 16, 2016).

4

1 | any disclosure that Defendants would procure a consumer report on him or providing his
2 | authorization for Defendants to do so, and pre-lawsuit requests for Plaintiff's employment file
3 | pursuant to Labor Code §§ 226(b), 432, and 1198.5 were ignored.

4 |   22. Defendants also violated the FCRA by failing to disclose under 15 U.S.C. §
5 | 1681d(a)(1)(B) that Plaintiff and other members of the putative class have the right to request
6 | additional disclosures including the nature and scope of the investigation under subdivision (b) of
7 | that section.

8 | **Adverse Action**

9 |   23. Upon information and belief, Defendants procured or caused to be procured a
10 | background report on Plaintiff from a consumer reporting agency or investigative consumer
11 | reporting agency (referred to herein as "CRA"), and in January 2018 Defendants declined to hire
12 | Plaintiff for employment because of information contained in his background report.

13 |   24. Despite Defendants' intent to take an adverse action, Defendants did not provide
14 | Plaintiff with (1) a copy of the background report before taking adverse action or (2) the FCRA
15 | Summary of Rights promulgated by the Consumer Financial Protection Bureau (CFPB), as required
16 | by section 1681b(b)(3)(A) of the FCRA.

17 | **Defendants Willfully Violated the FCRA.**

18 |   25. Defendants' misconduct, as alleged herein, was willful or reckless in that Defendants
19 | knew or reasonably should have known that their conduct violated the law because of the following
20 | facts, among others:

21 |   • The FCRA was enacted in 1970; Defendants had over 40 years to become compliant
22 |    but failed to do so;

23 |   • Defendants conduct is inconsistent with the plain language of the statute, longstanding
24 |    FTC guidance, and judicial interpretation predating Defendants' conduct, as discussed
25 |    above;

26 |   • Upon information and belief, Defendants had communications or consultations with
27 |    one or more CRAs knowledgeable about state and federal consumer-reporting
28 |    requirements;

5

CLASS ACTION COMPLAINT

1  • Upon information and belief, Defendants were required to provide certifications to

2     CRAs under the FCRA stating that Defendants would comply with the disclosure,

3     authorization, and adverse-action requirements;[3] and

4  • Upon information and belief, Defendants have dedicated in-house and outside counsel

5     with knowledge of FCRA/ICRAA requirements.

6     26. Despite Defendants' knowledge of their legal requirements under the FCRA,

7  Defendants systematically failed to comply with these requirements.

8                         **CLASS ALLEGATIONS**

9     27. Plaintiff brings this action as a class action pursuant to California Code of Civil

10  Procedure § 382 behalf of the following classes and subclasses:

11        **FCRA Pre-Authorization Class**:  All persons residing in the
          United States (including all territories and other political
12        subdivisions of the United States) who applied for employment with
          or were employed by Defendants within the longest applicable
13        limitations period and on whom Defendants procured one or more
          consumer reports or investigative consumer reports.
14

15        **California Pre-Authorization Subclass**:  All persons residing in
          California who applied for employment with or were employed by
16        Defendants within the longest applicable limitations period and on
          whom Defendants procured one or more investigative consumer
17        reports.

18        **FCRA Adverse Action Class**:  All persons residing in the United
          States (including all territories and other political subdivisions of the
19        United States) who applied for employment with or were employed
          by Defendants within the longest applicable limitations period
20        against whom Defendants took adverse employment action based in
          whole or in part on information contained in a consumer report or
21        investigative consumer report.

22        **California Adverse Action Subclass**:  All persons residing in the
23        California who applied for employment with or were employed by
          Defendants within the longest applicable limitations period against
24        whom Defendants took adverse employment action based in whole
          or in part on information contained in an investigative consumer
25        report.

26

27  ─────────────

28  [3] *See* 15 U.S.C. § 1681b(b)(1).

CLASS ACTION COMPLAINT

1    28. Members of the classes, as described above, will be referred to as "class members."
2 Excluded from the classes and subclasses are: (1) Defendants, any entity or division in which either
3 Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and
4 successors; and (2) the judge to whom this case is assigned and the judge's staff and members of
5 their immediate family.  Plaintiff reserves the right to amend the above classes and subclasses and
6 to add additional subclasses as appropriate based on investigation, discovery, and the specific
7 theories of liability. Plaintiff reserves the right to amend or modify the class description with greater
8 particularity or further division into subclasses or limitation to particular issues.

9    29. This action has been brought and may properly be maintained as a class action under
10 California Code of Civil Procedure 382 because there is a well-defined community of interest in the
11 litigation and the classes and subclasses are easily ascertainable.

12    **A.    Numerosity**

13    30. Although the precise number of class members has not been determined, Plaintiff
14 estimates that the classes and subclasses consist of more than one hundred members and that the
15 identity of such persons is readily ascertainable by inspection of Defendants' employment and/or
16 hiring records.  Therefore it is reasonable that the class members are so numerous that joinder is
17 impracticable, and the disposition of their claims in a class action will provide substantial benefits
18 to the parties and the Court.

19    **B.    Common Questions Predominate**

20    31. There are questions of law and fact common to the classes and subclasses that
21 predominate over any questions affecting only individual putative class members.  Thus proof of a
22 common set of facts will establish the right of each class member to recovery.  These common
23 questions of law and fact include but are not limited to:

24         a.    Whether Defendants violated the FCRA by failing to provide class members with
25              a "clear and conspicuous" disclosure in a document that consists solely of the
26              disclosure that a consumer report may be obtained for employment purposes;
27         b.    Whether Defendants violated the FCRA by failing to clearly and accurately
28              disclose to class members in writing and not later than three days after the date on

7

CLASS ACTION COMPLAINT

1    which the report was first requested that an investigative consumer report may be
2    made;

3    c.    Whether Defendants violated the FCRA by failing to provide class members with
4        the FCRA Summary of Rights promulgated by the CFPB;

5    d.    Whether Defendants violated section 1681b(b)(3)(A) of the FCRA by failing to
6        provide applicants and employees with copies of their consumer reports or
7        investigative consumer reports before taking adverse action, as required by section
8        1681b(b)(3)(A) of the FCRA;

9    e.    Whether Defendants violated section 1681b(f) of the FCRA by violating state equal
10        employment opportunity laws;

11    f.    Whether Defendants violated the ICRAA by failing to advise Plaintiff and putative
12        class members that they intended to take adverse action against them and by failing
13        to supply the name and address of the investigative consumer reporting agency
14        making the report about them, as required under Cal. Civ. Code § 1786.40(a); and

15    g.    Whether Defendants' conduct described herein constitutes a violation of Cal. Bus.
16        & Prof. Code §§ 17200, *et seq.*, entitling Plaintiff and members of the putative class
17        to equitable relief.

18    **C.    Typicality**

19    32. Plaintiff's claims are typical of the claims of the putative class members because
20    Defendants failed to provide Plaintiff with the requisite disclosures and engaged in adverse action
21    against him without complying with the disclosure requirements under the FCRA.  Plaintiff and
22    each class member sustained similar injuries arising out of Defendants' conduct in violation of law.
23    The injuries of each class member were caused directly by Defendants' wrongful conduct.  In
24    addition, the factual underpinning of Defendants' misconduct is common to all putative class
25    members and represents a common thread of misconduct resulting in injury to all class members.
26    Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of
27    the class members and are based on the same legal theories.

28    ///

8

1    **D.    Adequacy**

2        33. Plaintiff will fairly and adequately represent and protect the interests of the classes
3    and subclasses. Counsel who represent Plaintiff and putative class members are experienced and
4    competent in litigating class actions.

5    **E.    Superiority of Class Action**

6        34. A class action is superior to other available means for the fair and efficient
7    adjudication of this controversy. Individual joinder of putative class members is not practicable,
8    and questions of law and fact common to putative class members predominate over any questions
9    affecting only individual putative class members. Each putative class member has been damaged
10   and is entitled to recovery as a result of the violations alleged herein. Moreover, because the
11   damages suffered by individual members of the classes and subclasses may be relatively small, the
12   expense and burden of individual litigation would make it difficult or impossible for individual
13   members of the classes and subclasses to redress the wrongs done to them, while an important public
14   interest will be served by addressing the matter as a class action. Class action treatment will allow
15   those persons similarly situated to litigate their claims in the manner that is most efficient and
16   economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in
17   managing this case that should preclude class action.

18                        **FIRST CAUSE OF ACTION**

19              **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

20                   **15 U.S.C. § 1681b(b)(2)(A) and 1681d(a)**

21            **(Brought on behalf of the FCRA Pre-Authorization Class)**

22        35. Plaintiff hereby incorporates by reference the allegations contained in this
23   Complaint.

24        36. Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

25        37. Plaintiff and class members are "consumers" within the meaning Section 1681a(c)
26   of the FCRA because they are "individuals."

27        38. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

28        (b) Conditions for furnishing and using consumer reports for employment purposes.
          . . .

                                9

                        CLASS ACTION COMPLAINT

 

(2) Disclosure to consumer
    (A) In general
    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
        (i) a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

39. Section 1681d(a) provides, in relevant part:

    (a) Disclosure of fact of preparation
        (1) A person may not procure or cause to be prepared an *investigative consumer report* on any consumer unless—
            (1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

                (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

                (B) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title[.] (Emphasis added.)

40. As alleged above, Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure before a consumer report was procured or caused to be procured that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure.

41. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have policies and practices of failing to provide adequate written disclosures to applicants and employees before procuring consumer reports or causing consumer reports to be procured and failing to obtain the authorization of applicants and employees in writing before procuring consumer reports or causing them to be procured. Pursuant to these policies and practices, Defendants procured consumer reports or caused consumer reports

CLASS ACTION COMPLAINT

1 to be procured for Plaintiff and class members without first providing a written disclosure in
2 compliance with Section 1681b(b)(2)(A)(i) of the FCRA or obtaining an authorization in writing
3 from the consumer in compliance with Section 1681b(b)(2)(A)(ii).

4        42. Defendants also violated section 1681d(a)(1) of the FCRA by failing to "clearly and
5 accurately" disclose that an investigative consumer report may be made; failing to include a
6 statement informing Plaintiff and class members that an investigative consumer report involves
7 personal interviews with sources such as neighbors, friends, or associates; failing to inform them of
8 their right to request the additional disclosures provided for under 1681d(b); and failing to provide
9 a written summary of Plaintiff's and class members' rights under 1681g(c) as part of the disclosure.

10        43. On information and belief and based upon the facts likely to have evidentiary support
11 after a reasonable opportunity for further investigation and discovery, Defendants have a policy and
12 practice of procuring investigative consumer reports or causing investigative consumer reports to
13 be procured on applicants and employees without providing a written summary of their rights under
14 the FCRA at the same time as the disclosure explaining that an investigative consumer report may
15 be made. Pursuant to that policy and practice Defendants procured investigative consumer reports
16 or caused investigative consumer reports to be procured on Plaintiff and class members without
17 providing a timely written summary of their rights under the FCRA.

18        44. As alleged above, Defendants' conduct in violation of Section 1681b(b)(2)(A)(i) &
19 (ii) and 1681d(a) of the FCRA was and is willful in that Defendants acted in deliberate or reckless
20 disregard of their obligations and the rights of applicants and employees, including Plaintiff and
21 class members.

22        45. As a result of Defendants' illegal procurement of background reports as described
23 above, Plaintiff and class members have been injured, including, but not limited to, having their
24 privacy and statutory rights invaded in violation of the FCRA.  Owing to the inadequacy of
25 Defendants' disclosure and authorization, Plaintiff and class members did not know that a consumer
26 report or investigative consumer report was being obtained and/or did not understand or appreciate
27 what that meant.

28 ///

1    46. Plaintiff, on behalf of himself and all class members, seeks all available remedies
2  pursuant to 15 U.S.C. § 1681n, including statutory damages, actual damages, and punitive damages,
3  and attorneys' fees and costs.

4    47. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff
5  alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.
6  Section 1681o.

7                              **SECOND CAUSE OF ACTION**

8                    **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

9                              **15 U.S.C. § 1681b(b)(3)(A)**

10                    **(Brought on behalf of the FCRA Adverse Action Class)**

11    48. Plaintiff hereby incorporates by reference the allegations contained in this
12  Complaint.

13    49. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a denial of
14  employment or any other decision for employment purposes that adversely affects any current or
15  prospective employee."

16    50. Section 1681b(b)(3)(A) of the FCRA requires that anyone attempting to take any
17  adverse action based in whole or in part on a consumer report must first "provide to the consumer
18  to whom the report relates a copy of the report; and a description in writing of the rights of the
19  consumer under this subchapter, as prescribed by the [Bureau of Financial Protection] under section
20  1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau
21  of Financial Protection.

22    51. Based upon the facts likely to have evidentiary support after a reasonable opportunity
23  for further investigation and discovery, Defendants have a policy and practice of taking adverse
24  actions against applicants and employees based in whole or in part on a consumer report, without
25  first providing them with a copy of the consumer report or a current version of the FCRA Summary
26  of Rights promulgated by the FTC and Bureau of Financial Protection.

27    52. At all relevant times herein, Defendants, pursuant to the policy and practice described
28  above, took adverse action against Plaintiff and class members based in whole or in part on a

                              12

                    CLASS ACTION COMPLAINT

1 │ consumer report, without first providing (1) a copy of the consumer report(s) used and (2) a written

2 │ description of the rights of the consumer, i.e., the FCRA Summary of Rights promulgated by the

3 │ CFPB.

4 │     53. As alleged above, Defendants' conduct in violation of Section 1681b(b)(3)(A) of the

5 │ FCRA was and is willful in that Defendants acted in deliberate or reckless disregard of their

6 │ obligations and the rights of applicants and employees, including Plaintiff and class members.

7 │     54. As a result of Defendants' inadequate disclosures prior to taking adverse action

8 │ against Plaintiff and class members, Plaintiff and class members have been injured including, but

9 │ not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff

10 │ also suffered anxiety, stress, and confusion as a result of Defendants' inadequate disclosures.

11 │ Additionally, Plaintiff and class members have been injured in that Defendants' conduct caused a

12 │ material diminishment in their employment prospects without being fully informed of their statutory

13 │ rights or having an opportunity to invoke those rights and reverse any adverse employment action

14 │ taken by Defendants.

15 │     55. Plaintiff, on behalf of himself and all class members, seeks all available remedies

16 │ pursuant to 15 U.S.C. § 1681n, including statutory, actual, and punitive damages, and attorneys'

17 │ fees and costs.

18 │     56. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

19 │ alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

20 │ § 1681o.

21 │                         **THIRD CAUSE OF ACTION**

22 │                 **VIOLATION OF FAIR CREDIT REPORTING ACT**

23 │                         **15 U.S.C. § 1681b(f)**

24 │ **(Brought on behalf of the California Pre-Authorization and Adverse Action Subclasses)**

25 │     57. Plaintiff hereby incorporates by reference the allegations contained in this

26 │ Complaint.

27 │     58. Defendants violated Section 1681b(f) of the FCRA because they used Plaintiff's

28 │ consumer report for an improper purpose, one that contravened the California Fair Employment and

13

CLASS ACTION COMPLAINT

1 Housing Act (FEHA), California Government Code § 12940.

2        59. Section 1681b(f) of the FCRA provides, in relevant part:

3        "(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless

4        …

5        "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

6        "(2) the purpose is certified in accordance with section 607 [§ 1681e] by a prospective user of the report through a general or specific certification."

7

8        60. Section 1681b(b)(1)(A)(ii) provides in pertinent part: "Conditions for Furnishing

9 and Using Consumer Reports for Employment Purposes. (1) Certification from user. A consumer

10 reporting agency may furnish a consumer report for employment purposes only if (A) the person

11 who obtains such report from the agency certifies to the agency . . . (ii) information from the

12 consumer report will not be used in violation of any applicable Federal or State equal employment

13 opportunity law or regulation . . . ."

14        61. Defendants used information in the consumer reports procured on applicants and

15 employees in violation of California equal employment opportunity laws and regulations, namely,

16 Cal. Gov. Code § 12952, which prohibit an employer from inquiring into or considering the

17 conviction history of the applicant until after the employer has made a conditional offer of

18 employment to the applicant. In violation of this section, Defendants considered the conviction

19 history of Plaintiff and applicants before making a conditional offer of employment.

20        62. Section 12952 also requires an employer that intends to deny an applicant a position

21 of employment solely or in part because of the applicant's conviction history to make an

22 individualized assessment of whether the applicant's conviction history has a direct and adverse

23 relationship with the specific duties of the job that justify denying the applicant the position,

24 considering such factors as the nature and gravity of the offense or conduct, the time that has passed

25 since the offense or conduct and completion of the sentence, and the nature of the job held or sought.

26 If the employer intends to disqualify the applicant based on his or her conviction history, the

27 employer must notify the applicant of this preliminary decision in writing and specifically identify

28 the disqualifying conviction(s), include a copy of the history report, and provide an explanation of

CLASS ACTION COMPLAINT

1  the applicant's right to respond to the notice of preliminary decision before it becomes final within

2  five business days. If the employer makes a final decision to deny the application solely or in part

3  because of the applicant's conviction history, the employer must notify the applicant in writing of

4  the disqualification, any existing procedure the employer has for the applicant to challenge the

5  decision or request reconsideration, and the applicant's right to file a complaint with the Department

6  of Fair Employment and Housing.

7        63. Defendants violated Section 12952 by failing to conduct individualized assessments

8  and give appropriate notifications as described in the preceding paragraph.

9        64. Defendants also violated Cal. Code Regs., tit. 2, § 11017.1 by failing to give

10  adversely impacted applicants individual notice of disqualifying convictions and a reasonable

11  opportunity to present evidence that the information was factually inaccurate.

12        65. Upon information and belief, Defendants have a policy of refusing to hire persons

13  with criminal records, and this policy disparately impacts persons of protected groups such as

14  Plaintiff, who is Hispanic.

15        66. Hispanics are arrested, charged, and convicted of crimes in numbers disproportionate

16  to their representation in the general population.[4]

17        67. Because of the disproportionate crime rates, Defendants' policy of rejecting job

18  applicants based on criminal history has a greater adverse impact on Hispanics than non-Hispanic

19  whites.

20        68. Because Defendants' use of consumer reports was in violation of state equal

21  employment opportunity laws and regulations, Defendants violated the FCRA.

22  [4] *See* "Consideration of Arrest and Conviction Records in Employment Decisions

23  Under Title VII of the Civil Rights Act of 1964," EEOC Enforcement Guidance, No. 915.002, Apr. 25, 2012, available at https://www.eeoc.gov/laws/guidance/arrest_conviction.cfm ("Arrest and incarceration rates are

24  particularly high for African American and Hispanic men. African Americans and Hispanics are arrested at a rate that is 2 to 3 times their proportion of the general population. Assuming that current incarceration rates

25  remain unchanged, about 1 in 17 White men are expected to serve time in prison during their lifetime; by contrast, this rate climbs to 1 in 6 for Hispanic men; and to 1 in 3 for African American men.") (last accessed

26  Jun. 11, 2018). For example, in 2015, 41.5 percent of felony arrests in California were of Hispanic men, even though Hispanic men comprised approximately only about 19.3 percent of the California

27  population. *See* California Department of Justice, "Crime in California," 2015, at p. 33, Table 30, https://oag.ca.gov/sites/all/files/agweb/pdfs/cjsc/publications/candd/cd15/cd15.pdf (last accessed Jun. 11,

28  2018); U.S. Census Bureau, Quick Facts: California, available at https://www.census.gov/quickfacts/CA (last accessed Jun. 11, 2018).

CLASS ACTION COMPLAINT

1    69. As a direct and proximate cause of Defendants' violation of Section 1681b(f) of the

2    FCRA, Plaintiff and putative class members suffered injury, including lost job opportunities.

3    70. Defendants' conduct in violation of Section 1681b(f) of the FCRA was and is willful

4    or reckless in that Defendants acted in deliberate or reckless disregard of their obligations and the

5    rights of applicants and employees, including Plaintiff and class members, as alleged above.

6    71. Plaintiff, on behalf of himself and all class members, seeks all available remedies

7    pursuant to 15 U.S.C. § 1681n, including statutory, actual, and punitive damages, and attorneys'

8    fees and costs.

9    72. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff

10    alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C.

11    § 1681o.

12    **FOURTH CAUSE OF ACTION**

13    **VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**

14    **AGENCIES ACT,**

15    **CAL. CIV. CODE § 1786.16**

16    **(Brought on Behalf of the California Pre-Authorization Subclass)**

17    73. Plaintiff hereby incorporates by reference the allegations contained in this

18    Complaint.

19    74. Defendants are "persons" as defined by Cal. Civ. Code § 1786.2(a).

20    75. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a

21    consumer report in which information on a consumer's character, general reputation, personal

22    characteristics, or mode of living is obtained through any means."

23    76. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency"

24    as "any person who, for monetary fees or dues, engages in whole or in part in the practice of

25    collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or

26    communicating information concerning consumers for the purposes of furnishing investigative

27    consumer reports to third parties, but does not include any governmental agency whose records are

28    maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed

16

CLASS ACTION COMPLAINT

1  insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

2  77. Section 1786.16(a)(2)(B)(iv)-(vi) of the ICRAA provides in relevant part as follows:

3  (2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

4

5  ...

6  (B) The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

7

8

9  ...

10  (iv) *Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.*

11

12  (v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

13  (vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (Emphasis added.)

14

15

16

17

18  78. Defendants violated Section 1786.16(a)(2)(B)(i)-(vi) of the ICRAA by failing to

19  provide Plaintiff and putative class members with a disclosure that an investigative consumer report

20  may be obtained; identifying the permissible purpose of the report; stating that the report may

21  include information on the consumer's character, general reputation, personal characteristics, and

22  mode of living; disclosing the name, address, and telephone number of the investigative consumer

23  reporting agency conducting the investigation; describing the nature and scope of the investigation;

24  and providing the website address of the investigative consumer reporting agency or the telephone

25  number of the agency where the consumer may find information about the investigative reporting

26  agency's privacy practices. *See* Cal. Civ. Code § 1786.16(a)(2)(B)(iv)-(vi).

27  79. As a result of Defendants' willful, reckless, or grossly negligent failure to provide

28  the required form and/or report(s) as set forth above, Plaintiff and class members have been injured

17

CLASS ACTION COMPLAINT

1  by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

2        80. Plaintiff, on behalf of himself and all class members, seeks all available remedies

3  pursuant to Cal. Civ. Code § 1786.50 including statutory damages, actual damages, punitive

4  damages, injunctive and equitable relief, and attorneys' fees and costs.

5                          **FIFTH CAUSE OF ACTION**

6    **VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING**

7                               **AGENCIES ACT,**

8                          **CAL. CIV. CODE § 1786.40**

9          **(Brought on Behalf of the California Adverse Action Subclass)**

10        81. Plaintiff hereby incorporates by reference the allegations contained in this

11  Complaint.

12        82. Section 1786.40(a) of the ICRAA provides in relevant part as follows:

13        (a) Whenever insurance for personal, family, or household purposes, employment, or the
          hiring of a dwelling unit involving a consumer is denied, or the charge for that insurance
14        or the hiring of a dwelling unit is increased, under circumstances in which a report
          regarding the consumer was obtained from an investigative consumer reporting agency,
15        the user of the investigative consumer report shall so advise the consumer against whom
          the adverse action has been taken and supply the name and address of the investigative
16        consumer reporting agency making the report.

17

18        83. Defendants violated Section 1786.40(a) of the ICRAA by failing to advise Plaintiff

19  and putative class members that they intended to take adverse action against them and they failed to

20  supply the name and address of the investigative consumer reporting agency making the report about

21  them.

22        84. As a result of Defendants' willful, reckless, or grossly negligent failure to advise

23  Plaintiff of their intent to take adverse action and to supply the name and address of the investigative

24  consumer reporting agency, as set forth above, Plaintiff and class members have been injured by,

25  among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

26        85. Plaintiff, on behalf of himself and all class members, seeks all available remedies

27  pursuant to Cal. Civ. Code § 1786.50 including statutory damages, actual damages, punitive

28  damages, injunctive and equitable relief, and attorneys' fees and costs.

                                        18

1

## SIXTH CAUSE OF ACTION

2

**VIOLATION OF THE CAL. BUS. & PROF. CODE § 17200 *et seq.***

3

**(Brought on Behalf of the California Pre-Authorization and Adverse Action Subclasses)**

4        86. Plaintiff hereby incorporates by reference the allegations contained in this

5    Complaint.

6        87. California's Unfair Competition Law ("UCL"), California Business & Professions

7    Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in

8    commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent

9    business act or practice. A business practice need only meet one of the three criteria to be considered

10   unfair competition. An unlawful business practice is anything that can properly be called a business

11   practice and that at the same time is forbidden by law.

12       88. As described above, Defendants violated the unlawful prong of the UCL in that

13   Defendants' conduct violated numerous provisions of the FCRA and ICRAA.

14       89. Defendants violated the unfair prong of the UCL in that they gained an unfair

15   business advantage by failing to comply with state and federal mandates in conducting background

16   checks and otherwise taking the necessary steps to adhere to the FCRA and ICRAA. Further, any

17   utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and

18   putative class members because the conduct offends public policy.

19       90. As a result of Defendants' conduct described herein and their willful, reckless, and/or

20   grossly negligent violations of California Business & Professions Code § 17203, Plaintiff and the

21   class and subclass have lost money and suffered harm as described herein.

22       91. Pursuant to California Business & Professions Code § 17203, Plaintiff seeks an order

23   enjoining Defendants from continuing to engage in the unfair and unlawful conduct described

24   herein.

25

## PRAYER FOR RELIEF

26       WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the

27   putative classes and subclasses, prays as follows:

28   ///

19

CLASS ACTION COMPLAINT

A.    For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be appointed counsel for the classes and subclasses;

B.    For a declaration that Defendants' practices violate the FCRA, ICRAA, and UCL;

C.    For an award of statutory, compensatory, special, general, and punitive damages according to proof against Defendants;

D.    For an award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, and UCL;

E.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, as may be proven;

F.    For an order awarding reasonable attorneys' fees and the costs of suit herein, including but not limited to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code §1786.50, and California Code of Civil Procedure § 1021.5;

G.    For an award of pre- and post-judgment interest;

H.    For such other and further relief as may be deemed necessary or appropriate.

DATED:      June 21, 2018                          COUNSELONE, PC

                                                   By
                                                      Anthony J. Orshansky
                                                      Alexandria Kachadoorian
                                                      Justin Kachadoorian

                                                   *Attorneys for Plaintiff Pablo Martinez and
                                                   the Putative Class*

20

CLASS ACTION COMPLAINT

1

## JURY DEMAND

2   Plaintiff hereby demands a jury trial on all issues so triable.

3

4   DATED:        June 21, 2018                    COUNSELONE, PC

5

6                                          By

7                                             Anthony J. Orshansky
                                             Alexandria Kachadoorian
8                                             Justin Kachadoorian

9                                             *Attorneys for Plaintiff Pablo Martinez and
                                             the Putative Class*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

CLASS ACTION COMPLAINT

⌐ CounselOne, PC                         ⌐                ⌐ Ross Stores, Inc.                    ⌐
  Attn: Orshansky, Anthony J.
  9301 Wilshire Blvd.
  Ste 650
└ Beverly Hills, CA   90210             ⌐                └                                      ⌐

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Martinez | No. RG18909944 |
|---|---|
| Plaintiff/Petitioner(s)<br>VS. | |
| Ross Stores, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s)<br>(Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/14/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 10/16/2018    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/22/2018                              Chad Finke  Executive Officer / Clerk of the Superior Court

                                                By    *Dampher Oh*

                                                                    Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/25/2018.

                                By    *Dampher Oh*

                                                    Deputy Clerk

20678482

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Justin Kachadoorian, 260356<br>CounselOne, PC<br>9301 Wilshire Boulevard, Suite<br>Beverly Hills, CA 90210<br>TELEPHONE NO.: (310) 277-9945<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br>**ALAMEDA COUNTY**<br>**2018 JUL -9 AM 11:57**<br>CLERK OF THE SUPERIOR COURT<br>By _____ de Jesus<br>Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |

| PLAINTIFF/PETITIONER: Pablo Martinez | CASE NUMBER:<br>RG18909944 |
|---|---|
| DEFENDANT/RESPONDENT: Ross Stores, Inc., et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Ross |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**

2. I served copies of:    Summons, Civil Case Cover Sheet, Complaint, Notice of Hearing


3. a. Party served:  Ross Stores, Inc., a Delaware corporation

   b. Person Served: Albert Demonte - CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
                                       Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 07/05/2018          (2) at  (time): 3:00PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


Ross Stores, Inc., a Delaware corporation
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Jimmy Lizama
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
       (3) registered California process server.
           (i)  Employee or independent contractor.
           (ii) Registration No.: 4553
           (iii) County:  Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 07/06/2018


                Jimmy Lizama
        (NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use                                                                    Code of Civil Procedure, § 417.10
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                          **PROOF OF SERVICE OF SUMMONS**            OL# 12112590

1

**PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5

　　　I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 130 North Brand Boulevard, Suite 410, Glendale, California 91203.

6

7

　　　On **August 1, 2018**, I served the foregoing document described as:

8

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**
 addressed as follows:

9

10

ANTHONY J. ORSHANSKY
COUNSELONE, P.C

11

9301 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90210

12

Tel:  (301) 277-9945;

13

Fax:  (424) 277-3727
Email: anthony@counselonegroup.com

14

*Attorneys for Plaintiff*
*Pablo Martinez*

15

16

17

**XXX**  **(BY MAIL)** as follows:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

18

19

20

21

22

**XXX**  **(FEDERAL)** I declare that I am employed in the office of a member of the bar   of this Court at whose direction the service was made.

23

24

　　　Executed on August 1, 2018, at Glendale, California.

25

　　　　　　　　　　　　　　　　　　/s/  Geri Johnston
　　　　　　　　　　　　　　　　　　Geri Johnston

26

27

28

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**